# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHARIN DAVENPORT

       Plaintiff,　　　　　　　　Case No. 2:16-cv-11289

v

       　　　　　　　　　　　　　　Hon.

SAGINAW VALLEY STATE
UNIVERSITY; and ANN COBURN-
COLLINS, in her individual and official capacity,

       Defendants.
_____/

Jennifer B. Salvatore (P66640)
Sarah S. Prescott (P70510)
SALVATORE PRESCOTT, PLLC
*Attorneys for Plaintiff*
105 East Main Street
Northville, MI 48167
(248) 679-8711
*salvatore@salvatoreprescott.com*
*prescott@salvatoreprescott.com*

_____/

## **COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, CHARIN DAVENPORT, by and through her attorneys, SALVATORE PRESCOTT, PLLC, and hereby complains of Defendant SAGINAW VALLEY STATE UNIVERSITY, as follows:

1

## NATURE OF THE ACTION

This is an action for sex discrimination under Title VII of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, and the United States Constitution.  As alleged with greater particularity below, Defendants removed Charin Davenport, a transgender woman, from her administrative job at Saginaw Valley State University after she disclosed to Defendants that she was transgender and began to present as a woman. Prior to presenting as a woman, Davenport had worked at the University since 2007 and had lived for 50+ years as Charles Davenport, a male.  Defendants' removal of Davenport from her administrative duties after she began presenting as a woman amounted to discrimination because of Davenport's sex.

## PARTIES AND JURISDICTION

1.     Plaintiff Charin Davenport ("Ms. Davenport" or "Plaintiff") is a resident of Hazel Park, Michigan.  She is a transgender woman who is an adjunct faculty member in the English Department at Saginaw Valley State University. Until she began presenting as a woman and was subsequently terminated, Davenport also worked in a part-time administrative role for the University.

2.     Defendant Saginaw Valley State University ("SVSU" or "the University") is a state university located in Saginaw, Michigan.

3. Defendant Ann Coburn-Collins is the Director of Academic Programs Support at Saginaw Valley State University and was at all relevant times Plaintiff's supervisor.

4. Claims in this action include violations of Title VII of the Civil Rights Act of 1964; Title IX of the Education Amendments of 1972; and violations of the Equal Protection Clause of the United States Constitution.

5. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331.

6. At all relevant times, Saginaw Valley State University has continuously been doing business in the state of Michigan in the city of Saginaw and has continuously had at least fifteen employees.

7. Davenport filed a charge with the EEOC in 2014 and received a right to sue letter in February of 2016.

## STATEMENT OF FACTS

8. Charin Davenport has been employed by SVSU since August 2007. She has worked since that time as an adjunct professor in the English Department. From August 2011 until July 2012 she also held an administrative position as Coordinator of Academic Tutoring Services. In this administrative position, Davenport reported to Ann Coburn-Collins, Director of Academic Programs Support.

9. In July 2012, Davenport was appointed Assistant to the Director of Academic Programs Support, where she continued to report to Coburn-Collins.

10. Until March of 2014, Davenport presented as a male—consistent with her biological sex. She was known at SVSU as Charles Davenport.

11. Davenport at all times adequately performed the duties of her administrative positions. As Coordinator of Academic Tutoring Services, Davenport's responsibilities included coordinating tutoring for students, recruiting and training tutors, offering ongoing support to tutors, and matching students with appropriate tutors.

12. As Assistant to the Director of Academic Programs Support, Davenport was responsible for writing the department's newsletters and handbooks and supporting the Director of Academic Programs Support as needed.

13. At all times while she presented as a male, Davenport received positive reviews from her supervisor, Ms. Coburn-Collins, including in the review immediately preceding her transition to female and subsequent termination. For example, in Davenport's last review, dated May 6, 2013, Ms. Coburn-Collins wrote, "I want to thank you for your dedication to this office and to our mission. You are a valuable colleague who does everything I ask you to do. You seldom say 'no' and that has helped ease some of the pressure as I have morphed into my new roles."

14. Five months after that review, on or about October 2013 Davenport informed Defendant SVSU and her supervisor Ann Coburn-Collins that she was undergoing a gender transition from male to female and intended to dress as a woman from then on. She asked her colleagues for their support and understanding.

15. Davenport's supervisor, Coburn-Collins, responded to the news of Davenport's transition by stating "It's my fault. I should have given you that full-time job so you wouldn't have had so much free time."

16. Prior to Davenport's transition, Davenport and Ms. Coburn-Collins were close colleagues. Coburn-Collins had assisted Davenport in initially securing her first position at SVSU as an adjunct faculty member and Davenport often house-sat for Coburn-Collins when she would travel.

17. Following Davenport's disclosure to Coburn-Collins that she was a transgender woman, Coburn-Collins stopped talking to her or even acknowledging her in public places.

18. Two months after Davenport began her transition, on or about December 2, 2013, Coburn-Collins notified Davenport that the administration was eliminating Davenport's position, allegedly for budgetary reasons.

19. A few months later, when Davenport went to Coburn-Collins' office in an attempt to talk to her about her termination and Coburn-Collins' treatment of Davenport since her transition, Coburn-Collins told Davenport that: "You're a liar;

5

you lied to me; to your family; to your friends; to this university; and to everyone you know.  Your entire life is just one big lie." Coburn-Collins yelled at Davenport that: "You disgust me! I can't even stand to look at you!  This is not about your so-called 'gender identity.'  This is about you being a liar." Coburn-Collins threw an object at Davenport as she yelled at her.

20. Based on this conversation, it was clear to Davenport why her administrative position had been eliminated.

## COUNT I
## TITLE VII – SEX DISCRIMINATION
(against SVSU)

21. Plaintiff hereby realleges and incorporates by reference paragraphs 1-20 above.

22. Defendant SVSU engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1), by terminating Ms. Davenport from her administrative position because of her sex.

23. Defendant Employer's decision to remove Ms. Davenport from her administrative position was motivated by sex-based considerations.  Specifically, Defendant Employer removed Davenport because Davenport is transgender, because of Davenport's transition from male to female, and/or because Davenport did not conform to the Defendant Employer's sex- or gender-based preferences, expectations, or stereotypes.

24. The effect of the Defendant's conduct has been to deprive Ms. Davenport of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

25. The unlawful employment practices complained of above were intentional.

26. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Davenport.

27. As a result of Defendant's conduct, Ms. Davenport was harmed and continues to be harmed, in that she has suffered economic loss, damage to her personal and professional reputation, and emotional distress.

**COUNT II**
**TITLE IX – SEX DISCRIMINATION**
(against SVSU)

28. Plaintiff hereby realleges and incorporates by reference paragraphs 1-27 above.

29. Defendant is an educational institution that receives federal financial assistance and is subject to the dictates of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, *et seq*.

30. Defendant SVSU engaged in discrimination in violation of 20 U.S.C. § 1681 by terminating Ms. Davenport from her administrative position because of her sex.

31. Defendant Employer's decision to eliminate Ms. Davenport's administrative position was motivated by sex-based considerations. Specifically, Defendant Employer eliminated Davenport's job because Davenport is transgender, because of Davenport's transition from male to female, and/or because Davenport did not conform to the Defendant Employer's sex- or gender-based preferences, expectations, or stereotypes.

32. The effect of the Defendant's conduct has been to deprive Ms. Davenport of equal employment opportunities and otherwise adversely affect her status as an employee at a public university because of her sex.

33. The unlawful employment practices complained of above were intentional.

34. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Davenport.

35. As a result of Defendant's conduct, Ms. Davenport was harmed and continues to be harmed, in that she has suffered economic loss, damage to her personal and professional reputation, and emotional distress.

## COUNT III
## 42 U.S.C. § 1983 – EQUAL PROTECTION
(against Coburn-Collins)

36. Plaintiff hereby realleges and incorporates by reference paragraphs 1-35 above.

37. Coburn-Collins violated the Equal Protection Clause of the United States Constitution by terminating Ms. Davenport from her administrative position because of her sex.

38. Specifically, Defendant eliminated Davenport's position because Davenport is transgender, because of Davenport's transition from male to female, and/or because Davenport did not conform to the Defendant's sex- or gender-based preferences, expectations, or stereotypes.

39. Defendant's conduct has harmed Ms. Davenport.

40. The conduct complained of above was intentional.

41. The conduct complained of above was done with malice or with reckless indifference to the federally protected rights of Ms. Davenport.

42. At the time of the conduct complained of, Davenport's right to be free from sex discrimination was a clearly established constitutional right of which a person in Defendant's position should have known.

43. As a result of Defendant's conduct, Ms. Davenport was harmed and continues to be harmed, in that she has suffered economic loss, damage to her personal and professional reputation, and emotional distress.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court reinstate Plaintiff to her position and award Plaintiff damages in an amount to be determined at trial for emotional distress, lost wages and benefits, front pay, together with costs, interest, attorney's fees, punitive damages, and any other relief that this Honorable Court deems just and proper.

Respectfully submitted,
SALVATORE PRESCOTT, PLLC

Dated: April 8, 2016

/s/ Jennifer B. Salvatore
Jennifer B. Salvatore (P66640)
Sarah S. Prescott (P70510)
*Attorneys for Plaintiff*
105 East Main Street
Northville, MI 48167
(248) 679-8711
salvatore@salvatoreprescott.com
prescott@salvatoreprescott.com

10

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, CHARIN DAVENPORT, by and through her attorneys, SALVATORE PRESCOTT, PLLC, and hereby demands a jury trial in the above-captioned matter.

Dated: April 8, 2016              /s/ Jennifer B. Salvatore
                                                              Jennifer B. Salvatore (P66640)
                                                             Sarah S. Prescott (P70510)
                                                             *Attorneys for Plaintiff*
                                                             105 East Main Street
                                                             Northville, MI 48167
                                                             (248) 679-8711
                                                             salvatore@salvatoreprescott.com
                                                             prescott@salvatoreprescott.com