UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARIN DAVENPORT,

    Plaintiff,

vs.

SAGINAW VALLEY STATE
UNIVERSITY and ANN COBURN-
COLLINS, in her individual and
official capacity,

    Defendants.

Case No. 2:16-cv-11289

Hon. Sean F. Cox

Mag. Judge David R. Grand

---

## DEFENDANTS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND

NOW COME the Defendants, Saginaw Valley State University and Ann Coburn-Collins, by and through their Attorneys, Braun Kendrick Finkbeiner P.L.C., and for their Answer to Plaintiff's Complaint state as follows:

### NATURE OF THE ACTION

Defendants admit only that Plaintiff alleges sex discrimination under Title VII of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972 and the United States Constitution. Defendants deny as untrue any and all allegations that they violated Title VII of the Civil Rights Act of 1964, Title IX of

the Education Amendments of 1972 and the United States Constitution and deny as untrue all remaining allegations in the "Nature of the Action" paragraph.

## PARTIES AND JURISDICTION

1. Defendants admit only that Plaintiff is an adjunct faculty member in the English Department at Saginaw Valley State University ("SVSU" or "University") and that Plaintiff at one time held a part-time, temporary administrative position with the University. Defendants deny as true that Plaintiff was terminated. Defendants neither admit nor deny the remaining allegations in Paragraph 1.

2. Defendants admit the allegations in Paragraph 2.

3. Defendants admit only that Ann Coburn-Collins is the Director of Academic Programs Support at SVSU and that Ms. Coburn-Collins was Plaintiff's supervisor in her part-time, temporary administrative positions. Defendants deny as untrue all remaining or inconsistent allegations in Paragraph 3.

4. Defendants admit only that Plaintiff has made claims in this action alleging violations of Title VII of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972 and the Equal Protection Clause of the United States Constitution. Defendants deny as untrue any and all alleged violations of Title VII of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972 and the Equal Protection Clause of the United States Constitution.

5.  Defendants admit the allegations in Paragraph 5.

6.  Defendants admit the allegations in Paragraph 6.

7.  Defendants admit the allegations in Paragraph 7. For further answer, Defendants affirmatively state that the EEOC charge was reviewed by the U.S. Department of Justice, Civil Rights Division, Employment Litigation Section, which issued a statutorily mandated Notice of Right to Sue letter without making a finding regarding the merits of Plaintiff's charge.

## STATEMENT OF FACTS

8.  Defendants deny as untrue the allegation regarding the dates that Plaintiff held an administrative position as Coordinator of Tutoring for Academic Progress. Defendants admit the remaining allegations in Paragraph 8.

9.  Defendants admit only that effective August 22, 2012, Plaintiff received a part-time, temporary appointment as Assistant to the Director of Academic Programs Support through June 30, 2013, and that Plaintiff reported to Ann Coburn-Collins in that position. Defendants deny as untrue all remaining or inconsistent allegations in Paragraph 9.

10. Defendants admit the allegations in Paragraph 10.

11. Defendants admit only that as Coordinator of Tutoring for Academic Progress, Plaintiff's responsibilities related to the provision of tutoring services for

students. Defendants deny as untrue all remaining or inconsistent allegations in Paragraph 11.

12. Defendants admit only that as Assistant to the Director of Academic Programs Support, Plaintiff was responsible for writing the department's newsletters and handbooks. Defendants deny as untrue all remaining or inconsistent allegations in Paragraph 12.

13. Defendants admit only that Plaintiff received a performance evaluation on or about May 6, 2013 which, among many other comments, included the quoted comments in Paragraph 13. Defendants deny as untrue all remaining or inconsistent allegations in Paragraph 13.

14. Defendants deny as untrue the allegations in Paragraph 14. For further answer, Defendants affirmatively state that in or around October 2013, Plaintiff showed Ann Coburn-Collins a photograph of Plaintiff wearing a wig.

15. Defendants deny as untrue the allegations in Paragraph 15.

16. Defendants admit only that Plaintiff and Ann Coburn-Collins were close friends and that on one occasion Plaintiff house-sat for Ms. Coburn-Collins when she traveled. Defendants deny as untrue all remaining or inconsistent allegations in Paragraph 16.

17. Defendants deny as untrue the allegations in Paragraph 17.

18. Defendants admit only that Plaintiff was notified by Ann Coburn-Collins that Plaintiff's part-time, temporary appointment as Assistant to the Director of Academic Programs Support was being eliminated for budgetary reasons. Defendants deny as untrue all remaining or inconsistent allegations in Paragraph 18.

19. Defendants admit only that in August 2014, Plaintiff came to Ann Coburn-Collins' office and a discussion ensued. Defendants deny as untrue the remaining allegations in Paragraph 19 as stated.

20. Defendants deny as untrue any and all allegations that Plaintiff's part-time, temporary administrative position was eliminated for illegal or discriminatory reasons.

## COUNT I
## TITLE VII - SEX DISCRIMINATION
### (against SVSU)

21. Defendants hereby incorporate their answers to Paragraphs 1-20 as if fully stated herein.

22. Defendants deny as untrue the allegations in Paragraph 22.

23. Defendants deny as untrue the allegations in Paragraph 23.

24. Defendants deny as untrue the allegations in Paragraph 24.

25. Defendants deny as untrue the allegations in Paragraph 25.

26. Defendants deny as untrue the allegations in Paragraph 26.

27. Defendants deny as untrue the allegations in Paragraph 27.

## COUNT II
## TITLE IX - SEX DISCRIMINATION
### (against SVSU)

28. Defendants hereby incorporate their answers to Paragraphs 1-27 as if fully stated herein.

29. Defendants admit the allegations in Paragraph 29.

30. Defendants deny as untrue the allegations in Paragraph 30.

31. Defendants deny as untrue the allegations in Paragraph 31.

32. Defendants deny as untrue the allegations in Paragraph 32.

33. Defendants deny as untrue the allegations in Paragraph 33.

34. Defendants deny as untrue the allegations in Paragraph 34.

35. Defendants deny as untrue the allegations in Paragraph 35.

## COUNT III
## 42 U.S.C. § 1983 - EQUAL PROTECTION
### (against Coburn-Collins)

36. Defendants hereby incorporate their answers to Paragraphs 1-35 as if fully stated herein.

37. Defendants deny as untrue the allegations in Paragraph 37.

38. Defendants deny as untrue the allegations in Paragraph 38.

39. Defendants deny as untrue the allegations in Paragraph 39.

40. Defendants deny as untrue the allegations in Paragraph 40.

41. Defendants deny as untrue the allegations in Paragraph 41.

42. Defendants deny as untrue the allegations in Paragraph 42.

43. Defendants deny as untrue the allegations in Paragraph 43.

WHEREFORE, the Defendants respectfully request this Honorable Court enter a judgment of no cause of action and award attorney fees and costs incurred.

## AFFIRMATIVE DEFENSES

NOW COME the Defendants, Saginaw Valley State University and Ann Coburn-Collins, by and through their Attorneys, Braun Kendrick Finkbeiner P.L.C., and for their Affirmative Defenses state as follows:

1. Defendants had legitimate, non-discriminatory reasons for the termination of Plaintiff's part-time, temporary appointment as Assistant to the Director of Academic Programs Support.

2. Plaintiff may have failed to mitigate her damages.

3. Defendants reserve their opportunity to amend their Affirmative Defenses at or before the close of discovery.

## RELIANCE ON JURY DEMAND

NOW COME the Defendants, Saginaw Valley State University and Ann Coburn-Collins, by and through their Attorneys, Braun Kendrick Finkbeiner

P.L.C., and hereby state their reliance upon the jury demand previously filed by Plaintiff in this matter.

Dated: May 5, 2016        By:   s/Jamie Hecht Nisidis
                                                     JAMIE HECHT NISIDIS
                                                     Attorneys for Defendants
                                                     4301 Fashion Square Boulevard
                                                     Saginaw, Michigan 48603
                                                     989-498-2100
                                                     jamnis@braunkendrick.com
                                                     (P48969)

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys registered with the ECF system.

                                           s/ Jamie Hecht Nisidis
                                           JAMIE HECHT NISIDIS
                                           Braun Kendrick Finkbeiner P.L.C.
                                           Attorneys for Defendants
                                           4301 Fashion Square Boulevard
                                           Saginaw, Michigan 48603
                                           989-498-2100
                                           jamnis@braunkendrick.com
                                           (P48969)