UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Charin Davenport,

    Plaintiff,

v.                                                           Case No. 16-11289

Saginaw Valley State University, *et al.*,      Sean F. Cox
                                                             United States District Court Judge

    Defendants.
_____/

## OPINION & ORDER DENYING DEFENDANTS' MOTION TO CHANGE VENUE

Plaintiff filed this employment discrimination action on April 8, 2016. The matter is currently before the Court on Defendants' Motion to Change Venue, wherein Defendants ask this Court to transfer this action to the Northern Division of the Eastern District of Michigan, pursuant to 28 U.S.C. § 1404(a) or (b). The parties have briefed the issues and the Court heard oral argument on June 16, 2016. As explained below, the Court concludes that, on balance, the relevant factors weigh in favor of denying the motion and allowing the case to proceed in this district. The Court shall deny the motion.

## BACKGROUND

Plaintiff Charin Davenport ("Plaintiff") filed that action against Saginaw Valley State University ("the University") and Ann Coburn-Collins ("Collins"), the University's Director of Academic Programs Support. The University is located in Saginaw, Michigan.

Plaintiff has been employed by the University since 2007, as an adjunct professor in the English Department. She also held an administrative position with the University.

Plaintiff is a transgender woman, who alleges that Defendants terminated her from her administrative position at the University, in violation of Title VII and Title IX. She also asserts an equal protection claim.

Plaintiff filed the action in the United States District Court for the Eastern District of Michigan, Southern Division, which is located in Detroit, Michigan. The Complaint alleges that Plaintiff resides in Hazel Park, Michigan.

On April 25, 2016, Defendants filed the instant Motion to Change Venue, wherein they ask the Court to transfer the action to the Northern Division of the Eastern District of Michigan, which is located in Bay City, Michigan. Plaintiff opposes the motion and a hearing was held on June 16, 2016.

## ANALYSIS

Defendants ask the Court to transfer this case to the Northern division pursuant to 28 U.S.C. § 1404(a) or (b).

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where is might have been brought or to any district or division to which all parties have consented."

Section 1404(b) provides that upon motion, any civil action may be transferred, "in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. § 1404(b).

This Court has previously explained the standard that applies to such motions as follows below:

> "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section § 1404(a) gives district courts the discretion to transfer cases on an individual basis by considering convenience and fairness. *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002); *see also Norwood v. Kirkpatrick*, 349 U.S. 29, 31–33, 75 S.Ct. 544, 99 L.Ed. 789 (1955) (holding that the district court's discretion under § 1404(a) is broader than under the common-law doctrine of forum non conveniens.)
>
> In deciding a motion to transfer venue, the Court must determine whether the action could have been brought in the proposed transferee district, whether a transfer would promote the interests of justice, and whether a transfer would serve the parties' and witnesses' convenience. *United States v. P.J. Dick, Inc.*, 79 F.Supp.2d 803, 806 (E.D. Mich. 2000); *Perceptron, Inc. v. Silicon Video, Inc.*, 423 F.Supp.2d 722, 728–29 (E.D. Mich.2006). Factors to be considered include: (1) the convenience of the parties and witnesses; (2) the location of documents and the relative ease of access to sources of proof; (3) the locus of the operative facts; (4) availability of process to compel attendance of witnesses; (5) cost of obtaining witnesses; (6) the forum's familiarity with the governing law; (7) the weight accorded the plaintiff's choice of forum; (8) trial efficiency; and (9) the interests of justice. *Id*.

*Just Intellectuals, PLLC v. Clorox Co.*, 2010 WL 5129014 at * 1-2 (E.D. Mich. 2010).

In deciding a motion to transfer venue, this Court must first determine whether the action could have been brought in the proposed transferee district. There is no dispute that this action could have been brought in the Northern District.

The Court must then determine whether the requested transfer would promote the interests of justice, and whether a transfer would serve the parties' and witnesses' convenience. *P.J. Dick, Inc.*, 79 F.Supp.2d at 806; *Perceptron, Inc.*, 423 F.Supp.2d at 728–29. In doing so, this Court considers the factors outlined above.

In support of their Motion, Defendants note that the University is located in the Northern division and that the events that form the basis of Plaintiff's claims occurred there. Defendants note that Defendant Collins resides in the Northern Division and her office at the University is in

Saginaw. They also assert that non-party witnesses will include some University administrators, faculty, and staff who also reside in the Northern Division. They would have to travel more than 100 miles if they were to testify at trial. Defendants further note that all University records are located in Saginaw. Defendants assert that Plaintiff is still employed by the University as a professor and, therefore, she will be traveling to the Northern Division in any event in order to go to work.

In opposing transfer, Plaintiff states that while she does commute to Saginaw when teaching, she is not currently teaching and anticipates her future teaching load will be "minimal." She contends that her life is now centered in this district. Plaintiff contends that she has several family members and friends who reside in this district, and identified several of those witnesses at the hearing, who will be damages witnesses at trial. Plaintiff also notes that as the plaintiff her choice of forum is entitled to some deference. Plaintiff states that "the reality is that the defense witnesses will all be deposed in Saginaw." (Pl.'s Br. at 8). Plaintiff notes that only a small percentage of cases go to trial and that, even if there was a trial, defense witnesses would not need to stay in a hotel because we are only talking about a drive of less than two hours.

The decision as to whether to transfer this case to the Northern Division is a matter left to the Court's discretion. Under the circumstances of this particular case, the Court concludes that, on balance, the factors weigh in favor of denying the motion and allowing the case to proceed in this district.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' Motion to Change Venue is DENIED.

IT IS SO ORDERED.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: June 20, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 20, 2016, by electronic and/or ordinary mail.

        S/Jennifer McCoy
        Case Manager